D. J. Traven, Plaintiff, v. George W. Dawson *et al.*,
    Respondents; S. B. Silver, Intervener,
        Appellant.

Kansas City Court of Appeals, February 3, 1896.

Injunction: INTERVENER: PARTIES.  It is the theory and the require-
    ment of our practice act that all parties interested should be brought
    in and all conflicting interests adjudicated, which duty is enjoined
    on the trial courts; and in an injunction proceeding to enjoin a
    replevin suit and set aside a bill of sale as fraudulent, a third party,
    who claims the property and holds the bill of sale fraudulent, may
    intervene and have his rights adjudged.

*Appeal from the Jackson Circuit Court.*—Hon. E. L.
    Scarritt, Judge.

Reversed and remanded.

*Frank Titus* for intervener and appellant.

The intervening petition was proper procedure.
The suit in which it was filed is an equity suit, in which
title to the property is the basis of the relief sought by
the complainant.   Intervener shows in his petition he
is the owner and, so, is interested, not alone in the sub-
ject-matter, but in the legal controversy as well.
Daniells, Chan. [2 Am. Ed.] pp. 1263, 1270; Story's
Equity Pleading, sec. 208; 1 Foster's Federal Practice
[2 Ed.], p. 334; 2 Story's Equity Jur. [Redfield's Ed.
1886], sec. 824, p. 32; Pomeroy on Remedies, etc.,
secs. 416, 422, 423, 430; *Carter v. Mills*, 30 Mo. 432;
*Hilton v. City*, 99 Mo. 207; *Rosenberg v. Solomon*,
38 N. E. Rep. (N. Y. 1894) 982; *Wood v. Water Co.*,
38 Pac. Rep. 239; *Earnest v. Moline Co.*, 27 S. W.
Rep. 734; *Henry v. Ins. Co.*, 16 Col. 180; R. S. Mo.

secs. 1993, 2099; *Daniells v. Clark*, 38 Iowa, 556.   See, also, note to *Brown v. Saul* in 16 Am. Dec. 175, 177.

No brief for respondent.

GILL, J.—Travin brought suit against defendants Dawson and wife, wherein it was charged that the Dawsons had instituted, in a justice's court, a replevin action to recover a certain lot of engraver's tools, etc.; that in their complaint the Dawsons had falsely and fraudulently alleged the property to have been wrongfully taken and that the cause of action accrued within one year before filing said petition—all this for the purpose of depriving said Travin of giving bond and retaining the property; that the claim of the said Dawsons was based on an alleged bill of sale in the nature of a mortgage, to secure a pretended obligation of Travin to pay said Dawsons $200; that said bill of sale or mortgage was a forgery, etc., and Travin prayed the court to enjoin the prosecution of the replevin suit of Dawson *v.* Travin and that the court set aside and cancel said forged bill of sale or mortgage.

On a preliminary application, a temporary injunction was granted; and thereafter the Dawsons filed their answer, putting in issue the allegations of Travin's petition.

Thereupon Silver came into court and filed an intervening petition, in substance alleging that he was the absolute owner of the property in controversy, and that his title thereto was acquired by purchase from Travin, shortly after the date and recording of said bill of sale or mortgage to the Dawsons. Silver also alleged that said Dawson mortgage was a forgery, and in his intervener's petition prayed the court to declare his title, to set aside said Dawson mortgage and forever

bar all said parties from thereafter making any claim to said goods, etc.

Thereafter the Dawsons filed a motion asking the court to strike out Silver's intervening petition, "for the reason," as set out in the motion, "that this is a suit by injunction, and it is not competent for intervener to intervene herein."

This motion was sustained and Silver has appealed.

Respondents have failed to file any brief and we are at a loss to understand upon what theory the foregoing motion to strike out was sustained. From the face of his petition, the intervener, Silver, has substantial interests at stake in this controversy. He claims to be the owner of the chattels, the title of which is involved, and has cause to complain of a false and fraudulent mortgage which assumes to cover them. It would seem, then, entirely proper that said Silver be permitted to enter the pending litigation and have the entire matter settled in one and the same suit. While perhaps Silver was not a *necessary* party to the suit as originally begun, he was not, however, an *improper* party. He might have remained out, taken no part in the litigation, and would not then, of course, be bound by any decree entered. But it appears proper to admit him as a party and thereby save the necessity of another action. See *Carter v. Mills,* 30 Mo. 432.

"It is the theory and requirement of our practice act, that all parties interested shall be brought in and thus have all conflicting interests adjusted. This duty is enjoined on the trial court by statutory enactment." *Hilton v. City of St. Louis,* 99 Mo. 199.

In our opinion, the trial court erred in striking out the intervener's pleading. Judgment reversed and cause remanded.